**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANTONIO NATHANIEL CHANDLER,**<br>*Plaintiff*<br>**v.**<br>**TRANSUNION LLC,**<br>*Defendant* | **Civil No. 25-3472** |

# MEMORANDUM

**Costello, J.** **November 3, 2026**

Plaintiff Antonio Chandler sued Defendant Transunion LLC for violations of the Fair Credit Reporting Act. Plaintiff alleges that Transunion generated an erroneous credit report and failed to reasonably investigate after he submitted a dispute. Transunion has moved to dismiss the Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons that follow, the Court will grant Transunion's motion.

## I. BACKGROUND

Plaintiff filed an Amended Complaint on October 8, 2025, Am. Compl. (ECF No. 18). Transunion answered on February 13, 2026. Answer (ECF No. 23). Plaintiff then failed to participate in discovery for this case. Specifically, Transunion served written discovery on Plaintiff on March 16 with responses due April 15. Memorandum in Support of Motion to Dismiss (ECF No. 35-1) at 2. Plaintiff failed to respond. *Id.* Transunion sent a deficiency letter on May 4 providing Plaintiff until May 11 to respond. *Id.* Plaintiff again failed to respond to the letter or to Transunion's subsequent notice of intent to file a Motion to Compel. *Id.* Despite this

Court granting the Motion to Compel, Plaintiff still failed to respond to Transunion's requests. *Id.* at 2-3. Plaintiff additionally failed to make himself available for a deposition. *Id.* at 3.

Accordingly, on July 6, Transunion filed this Motion to Dismiss for Lack of Prosecution. Plaintiff did not respond to Defendant's Motion to Dismiss. On September 3, this Court issued a Show Cause Order to Plaintiff as to why this case should not be dismissed for lack of prosecution. (ECF No. 46). Plaintiff again issued no response.

## II. LEGAL STANDARD

Involuntary dismissals with prejudice are "drastic sanctions, only appropriate in limited circumstances[.]" *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 (3d Cir. 2021) (internal quotations and citations omitted). District courts must consider the factors set forth in *Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863 (3d Cir. 1984), in deciding whether to involuntarily dismiss a complaint for failure to prosecute. *Goodson v. City of Phila.*, No. 24-1438, 2025 WL 2437831, at *3 n.17 (3d Cir. Aug. 25, 2025). Thus, the Court must consider: (1) the extent of the party's personal responsibility in failing to timely prosecute a case; (2) prejudice to the adversary; (3) history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the availability of alternative sanctions; and (6) the meritoriousness of the underlying claims. *Poulis*, 747 F.2d at 868-70. No single factor is dispositive, and courts should consider them on balance. *Swiderski v. Harman*, 336 F.R.D. 98, 107 (E.D. Pa. 2020). "[D]oubts should be resolved in favor of reaching a decision on the merits." *Hamer*, 994 F.3d at 177.

## III. DISCUSSION

The first *Poulis* factor considers the extent of the party's personal responsibility. When the plaintiff is pro se, they are personally responsible for complying with court orders and it is

logical to hold them personally responsible for delays. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that where the litigant was proceeding pro se, any failure to comply with orders was attributable to him). Here, Plaintiff failed to respond to Defendant's discovery requests, requests to meet and confer, e-mails related to his deposition, and this Court's show cause order. ECF No. 35-1 at 7. This Court has not heard from Plaintiff in this matter since January. Therefore, this factor weighs in favor of dismissal.

The second *Poulis* factor is the extent of the prejudice to the litigant's adversary. Transunion has been severely prejudiced by Plaintiff's refusal to provide any documentation supporting his claims, making it impossible to prepare for arbitration. *Id.* In *Davis v. Transworld Systems Inc.*, the court found this factor weighed in favor of dismissal as the plaintiff had failed to respond to the defendant's discovery requests which required defendant to file two Motions to Compel and meant they had no discovery with which to prepare for upcoming arbitration. No. 23-1336, 2023 WL 7129949, at *2 (E.D. Pa. Oct. 30, 2023). The circumstances are essentially the same here, and thus this factor weighs in favor of dismissal. *See also Miller v. Weaver Landscaping*, No. 21-4484, 2022 WL 716769, at *3 (E.D. Pa. Mar. 10, 2022) ("It is unclear how this case could proceed without plaintiff's participation. 'Simply put, there is no way for Defendants to defend against Plaintiff's claims in his absence.'" (quoting *Stephen v. Att'y Gen.*, No. 18-615, 2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020))).

The third *Poulis* factor considers the litigant's history of dilatoriness. It has been nearly one year since this Court heard from Plaintiff (apart from the execution of service). He has not participated in discovery, and he has ignored two court orders. *See Smith v. Huner*, No. 24-1422, 2026 WL 2446783, at *4 (E.D. Pa. Aug. 20. 2026) (finding this factor weighed in favor of

dismissal when plaintiff had not been heard from in one year and failed to respond to two court orders). This factor too weighs in favor of dismissal.

The fourth *Poulis* factor evaluates the litigant's willfulness or bad faith in failing to respond. Courts have generally found that silence from plaintiffs is ambiguous. *See Crews v. Resnick*, No. 16-978, 2017 WL 1232182, at *6 (E.D. Pa. Apr. 4, 2017). *But see Olive v. Whelan*, No. 25-5278, 2026 WL 1113320, at *4 (E.D. Pa. Apr. 24, 2026) (finding that plaintiff's failure to respond is a "pattern of conduct [that] demonstrates not only a blatant disregard for established judicial process, but also a willful refusal to comply with the Court's orders"). As Plaintiff has failed to respond to this Court entirely, it is unclear the reason for his conduct. This factor is thus neutral.

The fifth *Poulis* factor considers the availability of alternative sanctions. When a plaintiff fails to prosecute his action, no sanction outside of dismissal would be appropriate. *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008). This is especially true when the plaintiff is pro se and proceeding in forma pauperis, as Plaintiff is here. *Id.* at 262-63. Accordingly, this factor weighs in favor of dismissal.

The sixth and final *Poulis* factor weighs the meritoriousness of the litigant's underlying claim. If a plaintiff fails to prosecute his claims, the case cannot move forward even if the claims are meritorious. *Smith*, 2026 WL 2446783, at *4. Assessing Plaintiff's claim on the merits is impossible, as his conduct is "simply incompatible with maintaining a lawsuit." *Miller v. Weaver Landscaping*, No. 21-4484, 2022 WL 716769, at *3 (E.D. Pa. Mar. 10, 2022) (internal quotations omitted). This factor is neutral.

## IV. CONCLUSION

Four factors weigh in favor of dismissal while two are neutral. No factors weigh against dismissal, and Plaintiff appears to have abandoned his case. As such, Defendant's Motion to Dismiss for Failure to Prosecute is granted. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge